2024-1038

---

# United States Court of Appeals

# for the Federal Circuit

---

**In re: GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*,

Appeal from the United States Patent and Trademark Office in
*Ex parte* Reexamination Control No. 90/014,903

**REPLY BRIEF OF APPELLANT
GESTURE TECHNOLOGY PARTNERS, LLC**

*/s/ Fred I. Williams*
Fred I. Williams
*Principal Attorney*
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave, Suite 600
Austin, TX 78701
512.543.1354 telephone
fwilliams@wsltrial.com

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A#453
Philadelphia, PA 19103
512.543.1373 telephone
johnw@wsltrial.com

July 18, 2024

COUNSEL FOR APPELLANT GESTURE TECHNOLOGY PARTNERS, LLC

## PATENT CLAIMS AT ISSUE

Claims 8-18 of U.S. Patent No. 8,878,949 are the patent claims at issue.

8.     A computer implemented method comprising:

providing a portable device including a forward facing portion encompassing a digital camera and an electro-optical sensor, the electro-optical sensor having an output and defining a field of view;

determining, using a processing unit, a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, wherein the determined gesture corresponds to an image capture command; and

capturing an image to the digital camera in response to the determined gesture corresponding to the image capture command.

9.     The method according to claim 8 wherein the determined gesture includes a hand motion.

10.    The method according to claim 8 wherein the determined gesture includes a pose.

11.    The method according to claim 8 wherein the electro-optical sensor includes first and second sensors in fixed relation relative to the digital camera.

12.    The method according to claim 8 wherein the electro-optical sensor defines a resolution less than a resolution defined by the digital camera.

13.    An image capture device comprising:

a device housing including a forward facing portion, the forwarding facing portion encompassing a digital camera adapted to capture an image and having a field of view and encompassing a sensor adapted to detect a gesture in the digital camera field of view; and

a processing unit operatively coupled to the sensor and to the digital camera, wherein the processing unit is adapted to:

detect a gesture has been performed in the electro-optical sensor field of view based on an output of the electro-optical sensor, and

correlate the gesture detected by the sensor with an image capture function and subsequently capture an image using the digital camera, wherein the detected gesture is identified by the processing unit apart from a plurality of gestures.

14.   The image capture device of claim 13 wherein the detected gesture includes a hand motion.

15.   The image capture device of claim 13 wherein the detected gesture includes a pose.

16.   The image capture device of claim 13 further including a forward facing light source.

17.   The image capture device of claim 13 wherein the sensor defines a resolution less than a resolution defined by the digital camera.

18.   The image capture device of claim 13 wherein the sensor is fixed in relation to the digital camera.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2024-1038 |
| **Short Case Caption** | In re: Gesture Technology Partners, LLC |
| **Filing Party/Entity** | Gesture Technology Partners, LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/18/2024

Signature:  /s/ Fred I. Williams

Name:  Fred I. Williams

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Gesture Technology Partners, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**FORM 9. Certificate of Interest**

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| Mark McCarthy of Williams Simons & Landis PLLC | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)    ☐ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

I.    STATEMENT OF RELATED CASES..........................................................1

II.   SUMMARY OF THE ARGUMENT ...............................................................1

III.  ARGUMENT.....................................................................................................3

        A.     The Board Erred In Determining That *Sears* Renders Obvious Independent Claim 13. ..............................................................................3

               1.    *Sears* is non-analogous art. .......................................................3

               2.    *Sears* fails to teach or suggest claim element 13[a]...................6

               3.    *Sears* fails to teach or suggest claim element 13[b]. .................9

        B.     The Board Erred In Determining That Sears Renders Obvious Dependent Claim 15............................................................................10

        C.     The Board Erred In Determining That *Sears* Renders Obvious Dependent Claim 18............................................................................12

        D.     The Board Erred By Not Vacating The Reexam Order Because No Substantial New Question (SNQ) Of Patentability Exists .................15

        E.     The USPTO Does Not Have Jurisdiction Over the Expired '949 Patent. .............................................................................................15

IV.  CONCLUSION AND RELIEF SOUGHT ..................................................17

# TABLE OF AUTHORITIES

### Cases

*Cascades Projection LLC v. Epson Am., Inc.,*
  864 F.3d 1309 (Fed. Cir. 2017) ...........................................................17

*In re Rambus, Inc.,*
  753 F.3d 1253 (Fed. Cir. 2014) ...........................................................17

*In re Stepan Co.,*
  868 F.3d 1342 (Fed. Cir. 2017) ...........................................................12

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC,*
  138 S. Ct. 1365 (2018)...........................................................................16

*Phillips v. AWH Corp.,*
  415 F.3d 1303 (Fed. Cir. 2005) (en banc) .............................................8

*Sony Corp. v. Iancu,*
  924 F.3d 1235 (Fed. Cir. 2019) ...........................................................17

*Thorner v. Sony Computer Entm't Am. LLC,*
  669 F.3d 1362 (Fed. Cir. 2012) .............................................................7

*Unwired Planet, LLC v. Google Inc.,*
  841 F.3d 995 (Fed. Cir. 2016) ...............................................................3

### Statutes

35 U.S.C. § 112 ......................................................................................9, 10

## I.    STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellant Gesture Technology Partners, LLC ("GTP") states that no other appeal in or from the same proceeding in the originating tribunal was previously before this or any other appellate court.

Cases pending in this or any other court which will directly affect or be directly affected by this Court's decision in the pending appeal are listed below.

- *Apple Inc., v. Gesture Technology Partners, LLC*, 2023-1501 (Court of Appeals for the Federal Circuit)

- *Gesture Technology Partners, LLC v. Apple Inc.*, 4:22-cv-04806-YGR (U.S. District Court for the Northern District of California)

- *Gesture Technology Partners, LLC v. Motorola Mobility LLC*, 1:22-cv-03535 (U.S. District Court for the Northern District of Illinois)

- *Gesture Technology Partners, LLC v. LG Electronics Inc. et al.*, 2:21-cv-19234-EP-MAH (U.S. District Court for the District of New Jersey)

## II.    SUMMARY OF THE ARGUMENT

Like the Board, Appellee fails to articulate why it would have been obvious for both of *Sears'* cameras to be encompassed by the same single portion of *Sears'* common housing, as independent claim 13 requires, when *Sears* is completely silent regarding the shape or geometry of its common housing. Appellee also fails to adequately explain why the single portion of *Sears'* common housing would be forward-facing, as independent claim 13 requires, when *Sears'* cameras are downward-facing and a POSITA would not understand "forward" to include

1

"downward." Accordingly, the Board's decision affirming the Examiner's obviousness rejections should be vacated or reversed.

Further, to support the Board's improper finding that *Sears* is analogous art, Appellee limits *Sears'* field of endeavor to a specific feature of an electronic reading machine, even though the caselaw prohibits doing exactly that. Appellee also fails to adequately explain why a POSITA would consider *Sears* when the problems being addressed by *Sears* (i.e., problems with reading machines such as wait times to read a page, the need for multiple passes through the scanner, and the difficulty of operating manually-guided mechanical systems for tracking lines of text) are not similar to the problem being addressed by the '949 Patent. Accordingly, *Sears* is non-analogous art and the Board's decision affirming the Examiner's obviousness rejections should be vacated or reversed.

Lastly, with respect to the USPTO lacking jurisdiction over expired patents, Appellee does not evaluate the reexamination statutes in view of the Supreme Court's *Oil States* decision and relies on case law that predates *Oil States* or that does not challenge the USPTO's jurisdiction over expired patents. The USPTO does not have jurisdiction over expired patents and the Board's decision should be vacated.

## III.   ARGUMENT

### A.   The Board Erred In Determining That *Sears* Renders Obvious Independent Claim 13.

#### 1.   *Sears* is non-analogous art.

Appellant maintains that *Sears'* proper field of endeavor is electronic reading machines and that the Board erred in finding *Sears'* field of endeavor to be "navigating a document through specifying commands using gestures captured by a camera."  Reply Br., p. 19 (citing Appx0012 (Decision, p. 11)).

In support of the Board's position, Appellee argues that "[w]hile there is no dispute that Sears discloses a reading machine, Sears's field is not limited to that particular focus."  Reply Brief, p. 20.  But in the very same paragraph, Appellee also argues that "Sears is directed not just to a reading machine, but to a reading machine that images text via a two-camera system controlled by gesture-based commands." *Id*. (emphasis added).  Thus, Appellee concedes that *Sears* is directed to electronic reading machines, and that "navigating a document through specifying commands using gestures captured by a camera" is a specific feature of *Sears'* electronic reading machines.

In the very caselaw cited by Appellee, this Court explained that "[t]he field of endeavor of a patent is not limited to the specific point of novelty, the narrowest possible conception of the field, or the particular focus within a given field." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 995, 1001 (Fed. Cir. 2016).  But that

is exactly what Appellee is attempting here:  to limit *Sears'* field of endeavor to a specific feature (i.e., "navigating a document through specifying commands using gestures captured by a camera"), instead of the broader and more accurate field of electronic reading machines.  That is improper.

As discussed in Appellant's Opening Brief, electronic reading machines do not belong to the field of endeavor of the '949 Patent, and thus *Sears* fails the first test for analogous art.  *See* Opening Br., pp. 28-29.

Regarding the second test for analogous art, although the Board found that the '949 Patent addresses the particular problem of specifying commands using gestures (Appx0014), Appellant argued that the Board's finding was "far too generic a problem statement" and asserted that the '949 Patent "addresses the particular problem of taking pictures with a digital camera when certain gestures are recognized using a separate sensor."  Opening Br., p. 31.  It is telling that Appellee provided no direct rebuttal to that argument.  *See* Response Br., pp. 21-22.

Instead, Appellee's Response Brief argues that *Sears* passes the second test for analogous art because "the Board found that Sears is directed to <u>the problem</u> of gesture-based navigation," Response Br., p. 21 (citing Appx0014) (emphasis added), and because "Sears is directed to taking pictures with a camera (for OCR and voice output) based on a separate camera/sensor detecting a user's hand gesture."

Response Br., p. 22 (citing Appx0011-12; Appx0020).   But those arguments are problematic.

As a threshold matter, the Board did <u>not</u> actually find that "Sears is directed to the problem of gesture-based navigation."  Instead, the Board found that "Sears is directed to gesture-based navigation."  Appx0014 (Decision, p. 13).

More importantly, even if *Sears* discloses "gesture-based navigation" and even if *Sears* discloses "taking pictures with a camera (for OCR and voice output) based on a separate camera/sensor detecting a user's hand gesture," *Sears* does not make those disclosures in a vacuum; but rather in the context of solving problems associated with existing electronic reading machines such as wait times to read a page, the need for multiple passes through the scanner, and the difficulty of operating manually-guided mechanical systems for tracking lines of text.  *See* Appx0398-0399 (*Sears*, 1:66-3:15).  Because the problems being solved by *Sears* do not relate to the problem being solved by the '949 Patent, a POSITA would not have consulted *Sears*, and thus *Sears* fails the second test for non-analogous art.

Because *Sears* fails both tests for analogous art, it is non-analogous art and cannot be cited in any obviousness rejections.   Accordingly, the Board's determination that *Sears* renders obvious independent claim 13 (or any claim of the '949 Patent) should be vacated or reversed.

### 2.    *Sears* fails to teach or suggest claim element 13[a].

As demonstrated in Appellant's Opening Brief, claim element 13[a] requires that (a) a single portion of the "device housing" encompass <u>both</u> a "digital camera" and a "sensor," and that (b) the single portion be "forward facing." *See* Opening Br., p. 12.  Appellant also argued that a POSITA would <u>not</u> consider forward facing and downward facing to be coextensive.  *See id.*, p. 20.

In its Response Brief, Appellee is unable to articulate how the configuration shown in *Sears'* Figure 3 necessarily means that it would have been obvious for *Sears'* "camera 87" and "camera 89" (the Board-identified "sensor" and "digital camera," respectively) to be encompassed by the <u>same single portion</u> of *Sears'* "common housing" (the Board-identified "device housing"), as claim 13 requires. *See* Response Br., pp. 25-26.  Again, the shape or geometry of *Sears'* "common housing" is not disclosed.  Accordingly, *Sears'* "common housing" may have multiple portions, including multiple forward-facing portions and multiple downward-facing portions, with *Sears'* "camera 87" (the Board-identified "sensor") and *Sears'* "camera 89" (the Board-identified "digital camera") each being located on a different portion.  That would contradict what claim 13 requires.

In support of the Board's position, Appellee also argues that, in *Sears'* Figure 3 "the cameras sit next to each other facing the same direction on a common platform."  Response Br., p. 26.  But the "cameras" will not be sitting on *Sears'*

"platform 85" when they are within *Sears'* "common housing." And even if *Sears'* cameras "sit next to each other" in Figure 3, that still does not necessarily mean that *Sears'* cameras will be encompassed by the same portion of *Sears'* "common housing." Again, the shape or geometry of *Sears'* "common housing" is not disclosed. Accordingly, *Sears'* two cameras may be located on two different portions of *Sears'* "common housing" that are sufficiently close to each other for *Sears'* two cameras to still be considered "next to each other." But that configuration would still contradict what claim 13 requires.

Further, even if *Sears'* two cameras (the Board-identified "sensor" and "digital camera") were located on the same portion of *Sears's* "common housing" (the Board-identified "device housing"), based on the configuration shown in Figure 3, that portion would be a downward-facing portion, <u>not</u> a forward-facing portion as claim 13 requires. But according to Appellee, "the patent's embodiments do not limit claim 13 to horizonal-facing setups by implication, as [Appellant] asserts (Br. at 21), just by disclosing only horizonal-facing setups." Response Br., pp. 23-24 (citing *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362 (Fed. Cir. 2012)). Appellee misapplies *Thorner*, where this Court determined that the "plain meaning of the term 'attached' encompasses either an external or internal attachment," and then determined that patentee did <u>not</u> "redefine this term to mean only attachment to an external surface." *Thorner*, 669 F.3d at 1367. In the present case, however, a

POSITA would <u>not</u> understand "forward" to include "downward" after reading the entire '949 Patent.    *See* Appx0617-0621 (Occhiogrosso Decl., ¶¶ 47-52). Accordingly, the plain and ordinary meaning of "forward" already excludes "downward:"   "Properly viewed, the 'ordinary meaning' of a claim term is <u>its meaning to the ordinary artisan</u> after reading the <u>entire patent</u>." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1321 (Fed. Cir. 2005) (en banc) (emphasis added).   Thus, *Thorner* is inapposite to the present case because there is no assertion that the patentee has redefined "forward" beyond its plain and ordinary meaning.

Further, as discussed in Appellant's Opening Brief, the Board stated that "it would have been obvious to <u>modify</u> Sears to this restrictive forward facing (i.e., horizontal direction) direction of reading the text because it is very well-known to read notices posted for reading in such a forward-facing direction (e.g., a sign or notice posted on a business' door or window)."   Appellant's Opening Br., p. 21 (quoting Appx0016 (Decision, p. 15)) (emphasis added).   In support of the Board's position, Appellee argues that "Sears <u>discloses the exact modification</u> proposed: a two-camera embodiment in which the reading device is worn by a user as glasses with cameras that faces horizontally on an upright person."   Response Br., p. 25 (citing Appx0395 (*Sears*, Fig. 4)) (emphasis added).   But in *Sears'* Figure 4, the eyeglass frame has two earpieces and each camera is located on a <u>different</u> earpiece (i.e., located on different portions of the eyeglass frame).   *See* Appx0408 (*Sears*,

8

21:9-21). Accordingly, the supposed "exact modification" still does not meet the requirements of claim 13 because *Sears'* two cameras (the Board-identified "sensor" and "digital camera") are not located on the <u>same single portion</u> of *Sears'* "eyeglass frame" (the Appellee-identified "device housing").

For the aforementioned reasons, the Board's findings that *Sears* teaches or suggests claim element 13[a] are not supported by substantial evidence. Accordingly, the Board's determination that *Sears* renders obvious independent claim 13 should be vacated or reversed.

### 3.    *Sears* fails to teach or suggest claim element 13[b].

Appellee's Response Brief conveniently sidesteps the issues concerning 35 U.S.C. § 112, ¶6. *See* Response Brief, p. 27. In the Final Office Action, the Examiner contended that the "processing unit" term in claim element 13[b] invokes 35 U.S.C. § 112, ¶6, and the Examiner identified the corresponding structure in the specification of the '949 Patent. *See* Appx0640-0642 (Final OA, pp. 3-5). In both its Appeal Brief under 37 C.F.R. § 41.37 and the Reply Brief under 37 C.F.R. § 41.41, Patent Owner argued that the "processing unit" term does <u>not</u> invoke 35 U.S.C. § 112, ¶6, but if it does, then the Examiner still failed to demonstrate that *Sears* teaches the corresponding structure or an equivalent. *See* Appx0673-0675 (Appeal Br., pp. 5-7), Appx0686-0688 (Appeal Br., pp. 18-20), Appx0726-0728 (Reply Br., pp. 1-3), Appx0734-0736 (Reply Br., pp. 9-11).

In its Decision, the Board did not expressly reverse the Examiner's claim construction. Appx0007 (Decision, p. 6 n.5). To the contrary, the Board stated "we adopt as our own (1) the findings and reasons set forth by the Examiner in the action from which this appeal is taken and (2) the reasons set forth by the Examiner in the Examiner's Answer in response to Appellant's Appeal Brief." Appx007 (Decision, p. 6). Accordingly, the Board agrees that the "processing unit" term invokes § 112, ¶6.

But as shown in Appellant's Opening Brief, the Board erred by not showing that *Sears* teaches the corresponding structure (i.e., a computer executing software that will send a signal to the camera control module to hold the last frame, store it in memory, or transmit it), and by not identifying or evaluating the proper test for determining equivalence under 35 U.S.C. § 112, ¶6. *See* Opening Br., p. 22-24. Accordingly, the Board's findings that *Sears* teaches or suggests claim element 13[b] are not supported by substantial evidence, and the Board's determination that *Sears* renders obvious independent claim 13 should be vacated or reversed.

**B.    The Board Erred In Determining That Sears Renders Obvious Dependent Claim 15.**

In its Opening Brief, Appellant argued that "a pose is a non-limiting example of a gesture." Opening Br., p. 34. Appellee acknowledges that definition and does not dispute it. *See* Response Br., pp. 31-32. Appellant also demonstrated that the term "pose" is disclosed multiple times in the specification of the '949 Patent, and

in each instance the term refers to a gesture involving a body part other than a hand or in addition to a hand, but never just a hand. *See* Opening Br., pp. 32-33. Appellee also does not refute that showing. *See* Response Br., pp. 29-32.

Instead, Appellee argues that a pose can involve just a hand because the '949 Patent provides examples "in which a hand is the sole body part used as a command." Response Br., p. 31. But the '949 Patent never refers to any of those examples as a "pose." Those disclosed scenarios involving just a hand are alternative examples of a gesture. Appellee even concedes that "a gesture is the position or motion of parts of the body, such as the <u>hands</u>." Response Br., p. 30 (emphasis added). Because the '949 Patent repeatedly, consistently, and exclusively discloses a "pose" as a gesture involving at least one body part other than a hand (e.g., lips, eyes), that is how a POSITA would understand the term "pose," and thus that is the ordinary meaning of the term "pose."

As discussed in the Opening Brief, *Sears* cannot capture gestures involving at least one body part other than or in addition to a hand because its "reading machine" is designed to read "printed material 33" placed directly below "platform 85." Appellant's Opening Br., p. 33 (citing Appx0394 (*Sears*, Fig. 3)). There is simply no clearance for "a pose" (i.e., body parts other than or in addition to a hand) between "platform 85" and the "printed material 33." *Id*. Accordingly, *Sears* does not render claim 15 obvious.

Additionally, to meet the requirements of claim 15, Appellee expressly references *Sears'* "use of a closed fist or a flat hand." Response Br., p. 29. While a "closed fist" may be an example of a gesture, it cannot be the claimed "pose" because it does not involve a body part other than or in addition to a hand. The same is true for "a flat hand." Accordingly, *Sears* does not teach claim 15.

For the aforementioned reasons, the Board's determination that *Sears* renders obvious dependent claim 15 should be vacated or reversed.

## C.    The Board Erred In Determining That *Sears* Renders Obvious Dependent Claim 18.

As noted by Appellee, Appellant "argues that the Board did not articulate a reason why it would have been obvious to fix the location of the cameras in Figure 3's reading machine. But Sears expressly discloses placing cameras in a fixed position in a related embodiment [Figure 4], and thus fixing the cameras' location on the platform of the reading machine in Figure 3 would have been obvious." Response Br., p. 32 (citations omitted). Again, like the Board, Appellee fails to provide a sufficient rationale to combine the teachings of *Sears'* different embodiments. In other words, both the Board and Appellee fail to explain sufficiently why one skilled in the art would have found it obvious to combine those teachings in *Sears*. That is improper. *See In re Stepan Co.*, 868 F.3d 1342, 1346 n.1 (Fed. Cir. 2017) ("Whether a rejection is based on combining disclosures from multiple references [or] <u>combining multiple embodiments from a single reference</u> .

12

. . there must be a motivation to make the combination and a reasonable expectation that such a combination would be successful, otherwise a skilled artisan would not arrive at the claimed combination.") (emphasis added).

Further, Appellee argues that "fixing the cameras' location <u>on the platform</u> of the reading machine in Figure 3 would have been obvious."  Response Br., p. 32 (emphasis added).  But even if that were true—and Appellant does not concede that it is—it still does not meet the requirements of claim 18.  Claim 18, by virtue of its dependency from independent claim 13, requires that the claimed "camera . . . [and] sensor" be encompassed by a "forward facing portion" of the claimed "device housing."  *Compare* Appx0047 (16:24-28) *with* Appx0047 (16:49-50).  And the Board/Examiner mapped *Sears'* "common housing" to the claimed "device housing."  *See* Appx0644-0645 (Final OA, pp. 7-8) (citing Appx0406 (*Sears*, 18:15-18)).  Accordingly, Appellee would need to show that fixing the locations of *Sears'* "camera 87" and "camera 89" (the Board-identified "sensor" and "camera") on the same "forward facing portion" of *Sears'* "common housing" (the Board-identified "device housing") would have been obvious.  But that is <u>not</u> what Appellee argued.

Further still, Appellee also references a sub-embodiment of *Sears'* Figure 3 where "camera 87" and "camera 89" are allegedly fixed in location while one or more mirrors are rotated.  *See* Response Br., p. 33 (citing Appx0406 (*Sears*, 17:40-43)).  But *Sears* fails to teach or suggest the positioning of the "rotat[ing] one or

mirrors" and "camera 89" (the Board/Examiner-identified "digital camera") with respect to the "common housing" (the Board/Examiner-identified "device housing"). There is no drawing or description in *Sears* of the "common housing" with the "one or more mirrors," "camera 87," and "camera 89." Thus, *Sears* still fails to teach or suggest that both "camera 87" and "camera 89" (the Board/Examiner-identified "sensor" and "digital camera," respectively) are encompassed by the same single portion of the "common housing" (the Board/Examiner identified "device housing") when the "one or more mirrors" are present. That contradicts what claim 18 requires by virtue of its dependency from claim 13.

More importantly, the presence of "one or more mirrors" only reinforces that "camera 87" and "camera 89" (the Board/Examiner-identified "sensor" and "digital camera," respectively) are not necessarily encompassed by the same single portion of the "common housing" (the Examiner-identified "device housing"), as claim 18 requires. By way of their reflective properties, "the one or more mirrors" enable "camera 89" (the Board/Examiner-identified "digital camera") to be located on a different portion of the "common housing" (the Examiner-identified "device housing") than "camera 87" (the Board/Examiner-identified "sensor"), but still capture images from the printed material. Accordingly, there is no need for "camera 87" and "camera 89" to be encompassed by the same single portion of the "common

housing" (the Examiner-identified "device housing") when the "one or more mirrors" are present.

For the aforementioned reasons, the Board's determination that *Sears* renders obvious dependent claim 18 should be vacated or reversed.

### D.    The Board Erred By Not Vacating The Reexam Order Because No Substantial New Question (SNQ) Of Patentability Exists

In its Response, Appellee argues that "the Board found that *Sears* <u>discloses</u>" a "forward-facing portion of a device housing encompassing cameras" and thus a SNQ of patentability exists.  Response Br., pp. 33-34 (emphasis added).  Appellant disagrees.  As discussed above, *Sears* fails to disclose a <u>single portion</u> of a device housing, much less a <u>single forward-facing portion</u> of a device housing, encompassing multiple cameras.  Accordingly, no SNQ of patentability exists and the order for *ex parte* reexamination of the '949 Patent should be vacated.

### E.    The USPTO Does Not Have Jurisdiction Over the Expired '949 Patent.

Appellee's Response argues that "the reexamination statute permits any person to file a request for reexamination 'at any time,' not just before patent expiration."  Response Br., p. 36 (citing 35 U.S.C. § 302; 37 C.F.R. § 1.510(a)).  The fact that Sections 301 and 1.510(a) do not address expired patents does not change the fact that when a patent expires, the public franchise ceases to exist and the franchisee no longer has the right to exclude others.  *See Oil States Energy Servs.,*

*LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1373 (2018). Because the public franchise no longer exists, the Patent Office has nothing in its authority to cancel an expired patent.

Appellee also asserts that Appellant "cites nothing from *Oil States* in support of [the] proposition" that "patent expiration extinguishes the public franchise, removing a patent from the USPTO's jurisdiction and placing it solely within the jurisdiction of Article III courts for claims of past damages." Response Br., p. 35. But that assertion is false. As discussed in Appellant's Opening Brief, the Supreme Court in *Oil States* explained that "Congress [has] significant latitude to assign [the] adjudication of public rights to entities other than Article III courts," such as the USPTO. Opening Br., p. 41 (quoting *Oil States*, 138 S. Ct. at 1373). As a corollary, because an expired patent is no longer an existing public right/franchise, any remaining rights associated with the expired patent are <u>not</u> something that Congress can assign to the USPTO for adjudication. Instead, the remaining rights associated with the expired patent must be adjudicated by the Article III courts. Even before *Oil States*, this Court recognized the importance of protecting Article III jurisdiction of patent rights:

> It is essential, therefore, to clarify the line between public and private rights. Under current Supreme Court precedent, that line remains hazy, in particular in connection with patent rights. Yet, as the administrative state expands and non-Article III tribunals adjudicate more disputes under the cover of the public rights doctrine, there must be vigilance in protecting Article III jurisdiction. Each new tribunal outside of Article

> III should be greeted with skepticism.  Rigorously defending Article
> III's protections is among our most important duties, for there exists no
> other voice to guard against legislative and executive excess.

*Cascades Projection LLC v. Epson Am., Inc.*, 864 F.3d 1309, 1325 (Fed. Cir. 2017)

(Reyna, J., dissenting from the denial of initial hearing en banc).

In its Response Brief, Appellee also identifies several cases where this Court

reviewed the Board's decision even though the patent had expired prior to the Board

issuing its decision.  *See* Response Br., p. 36 (citing *In re Rambus, Inc.*, 753 F.3d

1253 (Fed. Cir. 2014); *Sony Corp. v. Iancu*, 924 F.3d 1235 (Fed. Cir. 2019)).  But

those cases are inapposite because the USPTO's jurisdiction over expired patents

was never raised, and *In re Rambus* predates *Oil States*.  Petitioner's citation to

footnote 1 of *Sony Corp. v. Iancu* by Judge Dyk might be relevant if these parties

were arguing whether there is a live case or controversy to satisfy Article III

standing, but the instant issue is whether the USPTO has jurisdiction over an expired

patent in an *ex parte* reexamination.

At bottom, the Board does not have jurisdiction over the '949 Patent because

it expired before the request for reexamination was filed.  Thus, the order granting

*ex parte* reexamination of the '949 Patent should be vacated.

## IV.    CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons and all the reasons discussed in Appellant's

Opening Brief, Appellant respectfully requests that the Court (1) vacate or reverse

the Board's determinations that claims 8-18 are rendered obvious by the cited art, (2) vacate the order granting *ex parte* reexamination of the '949 Patent, and (3) vacate the Board's Decision because the USPTO does not have jurisdiction over expired patents.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on July 18, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:    July 18, 2024                          *<u>/s/ Fred I. Williams</u>*
                                                 Fred I. Williams

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2024-1038

**Short Case Caption:** In re: Gesture Technology Partners, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[✔] the filing has been prepared using a proportionally-spaced typeface and includes 3,937 words.

[ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/18/2024

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

<span style="color:red">Save for Filing</span>